**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Chandler Williams,

Plaintiff(s),

v.

SP Data Digital LLC, et al.,

Defendant(s).

Case No. 2:26-cv-00553-CDS-NJK

**Order**

[Docket No. 25]

Pending before the Court is a renewed stipulation to revive and extend certain case management deadlines by 90 days. Docket No. 25.

## I. Request to Revive Deadline to Amend

The deadline to amend expired two months ago. Docket No. 19 at 1. The parties now seek to revive that deadline. *See* Docket No. 25 at 4. A party is not precluded from seeking to amend the pleadings because the deadline for doing so has expired. Instead, such a late request must explain both why the Rule 15 standard has been met and why relief from the case management deadline is warranted.[1] Courts generally decline to address those issues in piecemeal. *See, e.g.*, *Novotny v. Outback Steakhouse of Fla., LLC*, 2017 U.S. Dist. Lexis 114672, at *2-3 (D. Nev. July 21, 2017). Accordingly, the Court declines to opine on this aspect of the stipulation and any future request to amend must address all of the pertinent standards, including those related to modification of the case management deadline.

## II. Request to Extend Discovery Cutoff

The parties also seek a lengthy 90-day extension to the discovery cutoff. *See* Docket No. 25 at 6-9.

[1] The latter relief requires a showing of both excusable neglect and good cause. *See Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-3.

Modifying unexpired case management deadlines requires a showing of good cause, *see* Fed. R. Civ. P. 16(b)(4), Local Rule 26-3, which turns on whether the subject deadlines cannot reasonably be met through the exercise of diligence, *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The stipulation explains that Plaintiff's lead counsel was unavailable for roughly two weeks due to a family medical emergency and death. Docket No. 25 at 5. Such circumstances establish good cause to modify the case management schedule and justify a 30-day extension. The other circumstances identified do not establish good cause for any longer extension. The stipulation indicates that the parties "learned new information at the ENE" more than a month ago, that defense counsel is busy with other cases, and that counsel are conferring as to the proper scope of the Rule 30(b)(6) deposition. Docket No. 25 at 6-7. Such circumstances, even if credited, do not show that an extension beyond 30 days is warranted.[2] Nonetheless, as a one-time courtesy to the parties, the Court will grant a 45-day extension.

## III. Conclusion

For the reasons discussed above, the Court **GRANTS** in part and **DENIES** in part the stipulation to modify case management deadlines. The Court **RESETS** case management deadlines as follows:

- Amend pleadings/ add parties: closed
- Initial experts: closed
- Rebuttal experts: closed
- Discovery cutoff: January 4, 2027
- Dispositive motions: February 3, 2027

[2] Lurking beneath the surface is the continued suggestion that the parties hoped the early neutral evaluation would resolve this case and, as such, chose not to otherwise move the case forward with appropriate diligence in the interim. *See* Docket No. 25 at 5; *see also, e.g.*, Docket No. 23 at 4. To repeat, the fact that the parties engaged in alternative dispute resolution efforts is not good cause to delay discovery or modify case management deadlines, particularly when relief is being sought after the fact. Docket No. 24 (citing *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1181 (D. Nev. 2022) (collecting cases)).

- Joint proposed pretrial order: March 3, 2027, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: October 22, 2026

Nancy J. Koppe
United States Magistrate Judge